UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNETH LAVELE WHIGUM,

        Petitioner,

  v.                                Case No. 23-cv-93-pp

MILWAUKEE COUNTY JAIL,

        Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On January 24, 2023, the petitioner, who currently is incarcerated at the Milwaukee County Jail and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. On March 23, 2023, the petitioner paid the filing fee.

## I. Background

The petition refers to two criminal cases: 2018CF002175 and 2020CF00183. Dkt. No. 1 at 2. The court has reviewed the publicly available dockets in those cases. On May 11, 2018, the State filed a criminal complaint against the petitioner, charging him with being a prohibited person in possession of a firearm. See State v. Whigum, Milwaukee County Case No. 2018CF002175 (available at https://wcca.wicourts.gov/). On May 21, 2018, the court held a preliminary hearing at which the petitioner pled not guilty. Id. On October 24, 2018, the court began jury selection but then adjourned the

1

case, granting the petitioner's attorney's motion to withdraw as counsel after the attorney discovered that his office had a conflict representing the petitioner. Id. On November 19, 2019, the court held a final pretrial conference and set a trial date for January 21, 2020. Id. The trial date was adjourned and further delayed by the COVID-19 pandemic. Id. On March 17, 2023, the court held a final pretrial conference. On April 25, 2023, a jury found the petitioner guilty of the charge after trial; the sentencing hearing is scheduled for July 21, 2023. Id.

As for the petitioner's 2020 case, on January 11, 2020, the State filed a criminal complaint charging the petitioner with reckless use of a firearm, possession of a firearm by a prohibited person and two counts of felony bail jumping. See State v. Whigum, Milwaukee County Case No. 2020CF000183 (available at https://wcca.wicourts.gov/). The final pretrial conference is scheduled for June 23, 2023 and the jury trial for July 17, 2023. Id.

The petitioner raises two grounds for relief. Ground One alleges that in Case No. 2018CF2175, the judge or commissioner never signed the "CR-215"[1] in violation of his Fourth, Fifth, Sixth and Fourteenth Amendment rights. Id. at 6. Ground Two alleges that the court granted the petitioner's Speedy Trial date, which expired on January 5, 2023. Id. The petitioner says that on November 29, 2022, he gave the court permission to extend the Speedy Trial date with the exception that he be able to call his witnesses. Id. The petitioner alleges that the new Speedy Trial date was January 9, 2023, but that the court used a state

---

[1] The court assumes that the petitioner is referring to the circuit court's "Probable Cause Statement and Judicial Determination." See Dkt. No. 1-2 at 13-14.

2

Case 2:23-cv-00093-PP   Filed 04/28/23   Page 2 of 7   Document 11

statute to supersede his Sixth Amendment rights. Id. The petitioner asks the court to dismiss the charges against him. Id. at 7.

**II.    Analysis**

   A.    Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent exceptional circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial

and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B. Analysis

The court must dismiss this case. The petitioner's state-court criminal proceedings are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). This federal court cannot interfere with ongoing state criminal proceedings. The petitioner is awaiting sentencing in the 2018 case and is awaiting trial in the 2020 case. The petitioner has not identified any exceptional circumstances or irreparable harm of the sort that would justify this federal court's intervention.

Nor has the petitioner exhausted his claims. "A common-law exhaustion rule applies to § 2241 actions . . . and although the common law allows of

4

exceptions the hurdle is high." Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). "[F]ederal courts . . . may require, as a matter of comity, that [criminal defendants incarcerated by the state awaiting trial] exhaust all avenues of state relief before seeking the writ." United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir. 1971)). A court may excuse a party's failure to exhaust when

> (1) requiring exhaustion of administrative remedies cause prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional issues are raised.

Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002)).

The docket for the 2020 case indicates that the petitioner has filed several Speedy Trial Demands, the first in April 2020 and the most recent in October 2022. Whigum, Case No. 2020CF000183. The petitioner indicates that he filed an appeal with the Wisconsin Judicial Commission but has not yet received a response. Dkt. No. 1 at 2. But the petitioner has not yet given the other courts in the state court system—the Wisconsin Court of Appeals and the Wisconsin Supreme Court—the opportunity to address his claim that his rights have been violated by the trial court's failure to schedule the trial when he believes it should have done. The United States Supreme Court has held that an appellate court cannot resolve the appeal of the denial of a motion to dismiss on speedy trial grounds before the case has been resolved, finding that

"the resolution of a speedy trial claim necessitates a careful assessment of the particular facts of the case" which can be considered "only after the relevant facts have been developed at trial." United States v. McDonald, 435 U.S. 850, 857-58 (1978). The facts of the petitioner's case have not yet been fully developed at trial, so no court—not the Wisconsin appellate courts or this court—is in a position to consider the petitioner's claims.

Finally, this court does not have the authority to order the state to dismiss charges. Even if this court had the authority to interfere in ongoing state criminal proceedings, and even if the petitioner had exhausted his remedies, the only relief this court could grant would be to grant the petitioner's request for release; the court could not order that the charges or the case be dismissed.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of

appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

## IV. Conclusion

The court **DISMISSES** the petitioner's 28 U.S.C. §2241 petition for writ of *habeas corpus*. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of April, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**